**Weike CHENG, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–70866.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2016.*

Filed April 13, 2016.

Conrad Gregory Badar, Esquire, Badar Law Group, San Gabriel, CA, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Carlton Frederick Sheffield, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Weike Cheng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review in part and dismiss in part.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record as to Cheng's baptism, when he started attending a house church in China, and when he decided to leave China. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"). Cheng's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). In the absence of credible testimony, Cheng's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Cheng fails to raise any substantive challenge to the denial of his CAT claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir.1996) (issues not supported by argument are deemed waived).

We reject Cheng's contention that the BIA failed to analyze his claim properly.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, we lack jurisdiction to review arguments in the opening brief related to due process or Cheng's fear of persecution in the future because they are unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.